# Eichelberger's Appeal.

It is the business of a guardian to manage in person the estate of his ward, for the ward's benefit.   He cannot set up his ward in business, but at his own risk.

APPEAL by George F. Eichelberger, from the decree of the orphan's court of *York* county, upon the settlement of the account of his guardian, Jacob Smyser.   The only question of consequence arose out of an exception to certain credits claimed by the guardian in his account, for goods, &c. furnished and paid for by him, to establish his ward in the business of a tavernkeeper.   The court below overruled the exceptions, and the ward appealed.

*Anderson* and *Lewis,* for appellant, cited Konigmacher *v.* Kimmel, 1 *Penns. Rep.* 207 ; Johnson's Appeal, 12 *Serg. & Rawle* 325 ; Pim *v.* Downing et al., 11 *Serg. & Rawle* 66.

*Evans,* for appellee.

PER CURIAM.—There is a principle to be enforced in this case which is to be distinctly understood.   No guardian can set up his ward in business at the risk of the ward ; and least of all, in the business of a publican, which requires habits of temperance to have been previously formed and established.   Why does the common law withhold from an infant capacity to bind himself, except in cases of extreme necessity ?   Undoubtedly, to protect him from the consequences of inexperience.   But if the effect of putting him in a state of pupilage is but to expose him the more certainly to the dangers from which the want of legal capacity was intended to guard him, it would be better that he should have no guardian at all.   If the effect of the office is but to enable him to do indirectly what he could not do directly, it becomes no more than an instrument to evade the wisest provisions of the law.   Such, however, is not its effect.   It is the business of a guardian to manage, in person, the estate of the ward for the ward's benefit; and if he do not, he must take the con-

sequences. If he trade with the fund for his own benefit, he must bear the loss, if any there be ; and *a fortiori* he must bear it if he suffer the ward to trade with it. But there are circumstances in this case of an aggravating stamp; and the fact that the tavern-house belonged to the guardian, while the ostensible keeper of it was his insolvent son-in-law, might, were it necessary, warrant an inference of wilful abuse. The principle, however, is sufficient for the case ; and all the credits which depend on it, as well perhaps as a few others which it is necessary to indicate but by the decree, are to be struck out of the account, and the decree affirmed for the residue.

Decree accordingly.